09-1362-bk(L), 09-1365-cv(Con)
In Re: Refco, Inc.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-third day of March two thousand and ten.**

PRESENT:

JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
          *Circuit Judges,*
EVAN J. WALLACH,
          *Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSEPH MURPHY, WILLIAM M. SEXTON, GERALD M. SHERER, PHILIP SILVERMAN, RICHARD N. OUTRIDGE, LEO R. BREITMAN, NATHAN GANTCHER, DAVID V. HARKINS, SCOTT L. JAECKEL, THOMAS H. LEE, RONALD L. O'KELLEY, SCOTT A. SCHOEN, DENNIS A. KLEJNA,

          *Plaintiffs-Appellants,*

TONE GRANT,

          *Plaintiff,*

v.                                              Nos. 09-1362-bk(L)
                                                     09-1365-cv(Con)

ALLIED WORLD ASSURANCE COMPANY (U.S.), INC.,
ARCH INSURANCE COMPANY,

---

* The Honorable Evan J. Wallach of the United States Court of International Trade, sitting by designation.

1

*Defendants-Appellees,*

JOHN D. AGOGLIA, PETER MCCARTHY,

*Defendants-Counterclaimants-Appellants,*

STEPHEN GRADY, PHILLIP R. BENNET, EDWIN L. COX,
SUKHMEET DHILLON, ERIC G. LIPOFF, SANTO C. MAGGIO,
ROBERT C. TROSTEN, FRANK MUTTERRER,

*Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFFS-APPELLANTS:**

Greg A. Danilow (Michael F. Walsh, *on the brief*), Weil Gotshal & Manges LLP, *for plaintiffs-appellants Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L. O'Kelley, and Scott A. Schoen.*

Helen B. Kim (Philip A. Nemecek, *on the brief*), Katten Muchin Rosenman LLP, New York, NY, and Los Angeles, CA, *for plaintiff-appellant Dennis A. Klejna.*

Claire P. Gutekunst (Jessica Mastrogiovanni, *on the brief*), Proskauer Rose LLP, New York, NY, *for plaintiff-appellant Richard N. Outridge.*

Larry H. Krantz (David Kirby, *on the brief*), Krantz and Berman LLP, New York, NY, *for plaintiff-appellant Philip Silverman.*

John J. Jerome (Joyce A. Kuhns, *on the brief*), Saul Ewing LLP, New York, NY, and Baltimore, MD, *for plaintiff-appellant Joseph Murphy.*

Stuart I. Friedman (Ivan Kline, *on the brief*), Friedman & Wittenstein, P.C., New York, NY, *for plaintiffs-appellants William M. Sexton and Gerald M. Sherer.*

**FOR DEFENDANTS-COUNTERCLAIMANTS-APPPELANTS:**

William Fleming, Gage Spencer & Fleming LLP, New York, NY, *for defendants-*

2

*counterclaimants-appellants John D. Agoglia and Peter McCarthy.*

**FOR DEFENDANTS-APPELLEES:**

Daniel J. Standish (Marc E. Rindner and Cara Tseng Duffield, *on the brief*), Wiley Rein LLP, Washington, DC, John H. Eickemeyer, Vedder Price P.C., New York, NY, *for defendant-appellee Arch Insurance Company.*

John D. Hughes (Robert W. DiUbaldo, *on the brief*), Edwards Angell Palmer & Dodge LLP, Boston, MA, and New York, NY, *for defendant-appellee Allied World Assurance Company (U.S.), Inc.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Gerard E. Lynch, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Appellants, all of whom are, or were, directors or officers of the now-bankrupt brokerage firm Refco, Inc., appeal from an order of the District Court dated March 2, 2009, granting summary judgment to defendants-appellees Arch Insurance Company and Allied World Assurance Company (U.S.), Inc. ("Allied World") (together, "defendants"). Defendants were, at all times relevant, the providers of appellants' excess director and officer liability insurance policies. The District Court granted summary judgment to defendants upon finding that (1) the excess policies' prior knowledge exclusions precluded coverage where *any insured* had knowledge of facts that might give rise to a claim and (2) the claims for which appellants sought coverage all arose from facts that were known by at least one insured at the time the policies were entered into. *XL Specialty Ins. Co. v. Agoglia*, Nos. 08 Civ. 3821, 08 Civ. 4196, 08 Civ. 5252, 2009 WL 1227485, at *8-9, *13 (S.D.N.Y. Apr. 30, 2009).[1] We assume the parties' familiarity with the remaining factual and procedural history of the case.

We find no error in the District Court's comprehensive and well-reasoned analysis. First, we agree with the District Court that "[i]n the context of the [prior knowledge exclusions], the words 'any insured' unambiguously preclude coverage for innocent co-insureds." *Id.* at *13. Moreover, because that language in the excess policies cannot be reconciled with the severability provision of the underlying policy, the language in the excess policies controls. *See id.* (citing *Home Ins. Co. v. Am.*

---

[1] The District Court's Opinion and Order was originally entered on March 2, 2009, but re-entered on April 30, 2009 to correct a scanning error.

3

*Home Prods. Corp.*, 902 F.2d 1111, 1113 (2d Cir. 1990)).

We further agree that the prior knowledge exclusions' "arising out of" requirement was satisfied. All of the claims for which appellants sought coverage "arose from the fraudulent concealment of the Refco Receivable" scheme that one of the directors was aware of. *Id.* at *9 (explaining that "New York courts have given the phrase 'arising out of' a 'broad' interpretation, defining it as 'originating from, incident to, or having connection with'" (quoting *Maroney v. N.Y. Cent. Mut. Fire Ins. Co.*, 5 N.Y.3d 467, 472 (2005))).

Finally, we reject appellants' argument that defendant Allied World is precluded from relying on the prior knowledge exclusion because the language of that exclusion was not part of the "policy binder" that provided the terms of coverage before the final policy issued. We agree with the District Court that the binder's inclusion of an "Inverted Warranty Endorsement as of Inception" was the equivalent of a prior knowledge exclusion and would have been understood as such by the parties. *See id.* at *14-15.

**CONCLUSION**

We have considered all of appellants' arguments and find them to be without merit. For the foregoing reasons, the order of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4